

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| ORA ELLIS, § | |
| § | |
| *Plaintiff*, § | |
| § | CASE NO. 1:08-CV-366 |
| v. § | |
| § | |
| COMPASS GROUP, USA, INC. § | |
| d/b/a CHARTWELLS, § | |
| § | |
| *Defendant.* § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the Eastern District of Texas, the Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for determination of pre-trial matters and entry of findings of fact and recommended disposition on case-dispositive matters. Pending before the Court is defendant Chartwells' Motion for Complete Summary Judgment [doc. #22].

Judge Giblin entered a Report and Recommendation on the pending motion for summary judgment [doc. #29]. He entered findings and recommended that the Court grant the defendant's motion for summary judgment. Judge Glblin concluded that the defendant had carried its burden in establishing that the plaintiff, Ora Ellis, cannot establish that there is a genuine issue of material

fact on her *prima facie* case for both her Title VII discrimination claim and her Title VII retaliation claim. Specifically, Judge Giblin concluded that the plaintiff did not suffer an adverse employment action, she did not produce evidence showing that similarly situated workers outside of her protected class were treated differently, she did not engage in protected activity for purposes of a retaliation claim, and the defendant proffered legitimate, non-discriminatory reasons for its actions regarding the plaintiff.

The plaintiff filed objections to the magistrate judge's report [doc. #31], and the defendant responded to her objections [doc. #32] The plaintiff's objections generally restate her claims and her unsupported factual assertions about her alleged mistreatment by the defendant, her employer. Her objections do not point to any specific portion of Judge Giblin's findings or legal conclusions which she alleges to be in error. She also does not present any summary judgment evidence with her objections which counter Judge Giblin's conclusions as a matter of law. In fact, the plaintiff did not respond to the motion for summary judgment and has not presented any summary judgment evidence in support of her claims. In response, the defendant generally argues that the Court should not entertain plaintiff's objections because she failed to respond to the motion for summary judgment in the first place. The defendant also contends that the magistrate judge's conclusions on summary judgment are proper and the plaintiff's objections do not raise or point to any genuine issue of material fact on her Title VII claims.

Pursuant to the plaintiff's objections and in accordance with 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the relevant evidence, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendations should be accepted. The plaintiff's objections [doc.

#31] are overruled.

Accordingly, the Report and Recommendation on Motion for Summary Judgment [doc. #29] is **ADOPTED** by the Court. The factual findings and legal conclusions of the magistrate judge are therefore fully incorporated by the undersigned in support of this order.

The Court **ORDERS** that defendant's Motion for Summary Judgment [doc. #22] is **GRANTED**. It is further **ORDERED** that the summary judgment is entered in favor of the defendant, Compass Group USA, Inc., d/b/a Chartwells, on all of plaintiff's claims, and the plaintiff's claims are **DISMISSED** in their entirety with prejudice. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **18** day of **November, 2010.**

_____
Ron Clark, United States District Judge